# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette<br><br>**Defendants** | **CIVIL ACTION NO:**<br><br><br><br><br><br>**COMPLAINT**<br><br>RE:<br>96 Grove Street, Brewer, ME 04412<br><br>Mortgage<br>February 22, 2007<br>Book 10851, Page 133 |

   NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are the obligor and the total amount owed under the terms of the Loan Agreement is One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

5. The Defendant, Tracy A. Willette a/k/a Tracy Willette, is a resident of Bangor, County of Penobscot and State of Maine.

6. The Defendant, Christine D. Willette, is a resident of Brewer, County of Penobscot and State of Maine.

## FACTS

7. On May 26, 1999, by virtue of a Warranty Deed from Paul F. Cust and Sandra L. Cust, which is recorded in the Penobscot County Registry of Deeds in **Book 7064, Page 102**, the property situated at 96 Grove Street, County of Penobscot, and State of Maine, was conveyed to the Defendant, Tracy A. Willette a/k/a Tracy Willette, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On February 22, 2007, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, executed and delivered to Beneficial Maine, Inc. a certain Loan Agreement in the amount of $142,267.15. *See* Exhibit B (a true and correct copy of the Loan Agreement is attached hereto and incorporated herein).

9. To secure said Loan Agreement, on February 22, 2007, Tracy A. Willette a/k/a Tracy Willette, executed a Mortgage Deed in favor of Beneficial Maine, Inc., securing the property located at 96 Grove Street, Brewer, ME 04412 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds **in Book 10851**, **Page 133**. See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated October 23, 2017 and recorded in the Penobscot County Registry of Deeds in **Book 14649, Page 183**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On November 16, 2017, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

13. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, have failed to cure the default prior to the expiration of the Demand Letter.

14. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Loan Agreement, since it was contractually transferred to it and pursuant to possession of the Loan Agreement in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Loan Agreement and Mortgage. The total debt owed under the Loan Agreement and Mortgage as of April 20, 2018 is One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), which includes Unpaid Principal Balance in the amount of Ninety Five Thousand Fifty One Dollars and Thirty Three Cents ($95,051.33); Accrued Interest in the amount of Nine Thousand Two Hundred Seven Dollars and Ninety Eight Cents ($9,207.98); Total Advances in the amount of Five Thousand Seven Hundred Seventy Two Dollars and Sixty Eight Cents ($5,772.68).

16. Upon information and belief, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. This is an action for foreclosure respecting a real estate related Mortgage and title located at 96 Grove Street, Brewer, County of Penobscot, and State of Maine. *See* Exhibit A.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Loan Agreement referenced in Paragraph 8, since it was contractually transferred to it and pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Agreement.

21. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are presently in default on said Mortgage and Loan Agreement, having failed to make the monthly payment due September 27, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Agreement.

22. The total debt owed under the Loan Agreement and Mortgage as of April 20, 2018 is One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), which includes Unpaid Principal Balance in the amount of Ninety Five Thousand Fifty One Dollars and Thirty Three Cents ($95,051.33); Accrued Interest in the amount of Nine Thousand Two Hundred Seven Dollars and Ninety Eight Cents ($9,207.98); Total Advances in the amount of Five Thousand Seven Hundred Seventy Two Dollars and Sixty Eight Cents ($5,772.68).

23. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

24. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

25. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, on November 16, 2017, evidenced by the Certificate of Mailing.. *See* Exhibit E.

26. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF LOAN AGREEMENT

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. On February 22, 2007, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, executed and delivered to Beneficial Maine, Inc. a certain Loan Agreement in the amount of $142,267.15. *See* Exhibit B.

29. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are in default for failure to properly tender the September 27, 2017 payment and all subsequent payments.  *See* Exhibit E.

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder and successor of the Loan Agreement and is entitled to enforce the terms and conditions of the Loan Agreement due to its breach by the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette.

31. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, having failed to comply with the terms of the Loan Agreement and Mortgage, are in breach of both the Loan Agreement and the Mortgage.

32. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette's breach is knowing, willful, and continuing.

33. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

34. The total debt owed under the Loan Agreement and Mortgage as of April 20, 2018 is One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), which includes Unpaid Principal Balance in the amount of Ninety Five Thousand Fifty One Dollars and Thirty Three Cents ($95,051.33); Accrued Interest in the amount of Nine Thousand Two Hundred Seven Dollars and Ninety Eight Cents ($9,207.98); Total Advances in the amount of Five Thousand Seven Hundred Seventy Two Dollars and Sixty Eight Cents ($5,772.68).

35. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Agreement including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. By executing and delivering the Loan Agreement, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, entered into a written contract with Beneficial Maine, Inc. who agreed to loan the amount of $142,267.15 to the Defendants. *See* Exhibit B.

38. As part of this contract and transaction, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, executed the Mortgage to secure the Loan Agreement and the subject property. *See* Exhibit C.

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Loan Agreement and successor-in-interest to Beneficial Maine, Inc., and has performed its obligations under the Loan Agreement and Mortgage.

40. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, breached the terms of the Loan Agreement and Mortgage by failing to properly tender the September 27, 2017 payment and all subsequent payments. *See* Exhibit E.

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Loan Agreement, and is entitled to enforce the terms and conditions of the Loan Agreement due to its breach by the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette.

42. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, having failed to comply with the terms of the Loan Agreement and Mortgage, are in breach of contract.

43. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust in the sum of One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to the Defendants.

44. Defendants Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette's breach is knowing, willful, and continuing.

45. Defendants Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Loan Agreement and Mortgage as of April 20, 2018 is One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), which includes Unpaid Principal Balance in the amount of Ninety Five Thousand Fifty One Dollars and Thirty Three Cents ($95,051.33); Accrued Interest in the amount of Nine Thousand Two Hundred Seven Dollars and Ninety Eight Cents ($9,207.98); Total Advances in the amount of Five Thousand Seven Hundred Seventy Two Dollars and Sixty Eight Cents ($5,772.68).

47. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, $142,267.15.  *See* Exhibit B.

50. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are in default for failure to properly tender the September 27, 2017 payment and all subsequent payments.  *See* Exhibit E.

51. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust.

52. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, $142,267.15.  *See* Exhibit B.

55. The Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, have failed to repay the loan obligation.

56. As a result, the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust as successor-in-interest to Beneficial Maine, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

57. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are in breach of the Loan Agreement by failing to make payment due as of September 27, 2017, and all subsequent payments;

d) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are in breach of the Mortgage by failing to make payment due as of September 27, 2017, and all subsequent payments;

e) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are in breach of contract by failing to comply with the terms and conditions of the Loan Agreement and Mortgage by failing to make the payment due September 27, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Agreement and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to restitution;

j) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, for money had and received;

k) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, to continue to appreciate and retain the benefit of the Mortgage, Loan Agreement and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette;

o) Determine the amount due on said Mortgage and Loan Agreement, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Tracy A. Willette a/k/a Tracy Willette and Christine D. Willette, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in the amount of One Hundred Ten Thousand Thirty One Dollars and Ninety Nine Cents ($110,031.99), the total debt owed under the Loan Agreement plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        U.S. Bank Trust, N.A., as Trustee for LSF10
        Master Participation Trust,
        By its attorneys,

Dated: June 12, 2018

        /s/ John A. Doonan
        John Doonan, Esq. (BBO# 3250)
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 225D
        Beverly, MA 01915
        (978) 921-2670